UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV1646 JCH |
| ) | |
| HARRIS MEDICAL ASSOCIATES, LLC, ) | |
| and ST. LOUIS HEART CENTER, INC., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Evanston Insurance Company's ("Evanston") Rule 12(b)(1) Motion to Dismiss Defendant St. Louis Heart Center, Inc.'s Counterclaim, filed May 14, 2013. (ECF No. 37). The motion is fully briefed and ready for disposition.

**BACKGROUND**

Evanston is an insurance company incorporated under the laws of Illinois, with its principal place of business in Deerfield, IL. (Amended Complaint for Declaratory Judgment ("Compl."), ¶ 1). Defendant St. Louis Heart Center, Inc. ("St. Louis Heart") is incorporated under the laws of Missouri, and has its principal place of business in St. Louis, Missouri. (Id., ¶ 5). On July 12, 2012, St. Louis Heart commenced a civil class action against Defendant Harris Medical Associates, LLC ("Harris Medical") in the Circuit Court of St. Louis County, Missouri, Case No. 12SL-CC2651 (the "Underlying Action"). (Id., ¶ 13). The Underlying Action alleges that Harris Medical violated the Telephone Consumer Protection Act, by sending unsolicited junk faxes to St. Louis Heart and other class members. (Id., ¶ 18). The Underlying Action also asserts claims for common law conversion

and violations of the Missouri Merchandising Practices Act.[1] (Id., ¶¶ 19, 20). The Underlying Action was removed to and is presently pending in this Court. See Cause No. 4:12CV1555 JCH.

Evanston issued several insurance policies to Harris Medical. (Compl., ¶¶ 9-12). One such policy, which included general liability insurance coverage, was issued by Evanston to Harris Medical for a coverage period from May 1, 2012, to May 1, 2013 (the "Policy"). (Id., ¶ 9). Pursuant to the Policy, Harris Medical tendered the Underlying Action to Evanston for defense and indemnification. (Id., ¶ 21).

Evanston filed its original Complaint for Declaratory Judgment in this matter on September 13, 2012. (ECF No. 1). In its Amended Complaint for Declaratory Judgment, filed April 4, 2013, Evanston seeks a declaration that it has no duty to defend or indemnify Harris Medical in the Underlying Action, either because the Policy issued by Evanston to Harris Medical provides no coverage for the claims raised in the Underlying Action, and/or because coverage is excluded under the express terms of the Policy. (Id., ¶¶ 22-35).

On April 30, 2013, St. Louis Heart responded with its Answer, Affirmative Defenses and Counterclaim. (ECF No. 36). In its Counterclaim St. Louis Heart alleges, and seeks a declaration, that coverage for claims raised in the Underlying Action is triggered by both the "property damage" and the "advertising injury" provisions of the Policy. (Counterclaim, ¶¶ 12-39). More particularly, St. Louis Heart requests that the Court enter a judgment declaring that the Policy requires Evanston to defend and indemnify Harris Medical for the claims made by St. Louis Heart in the Underlying Action.

As noted above, Evanston filed the instant Motion to Dismiss St. Louis Heart's Counterclaim

---

[1] Count III of the Underlying Action was voluntarily dismissed on September 14, 2012. (Compl., ¶ 20).

- 2 -

on May 14, 2013.  (ECF No. 37).  In its motion, Evanston alleges that St. Louis Heart's Counterclaim must be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1), because St. Louis Heart lacks standing to bring a declaratory judgment action based upon an insurance contract between Evanston and Harris Medical.  (Id., ¶ 6).

## DISCUSSION

Evanston's standing argument implicates Federal Rule of Civil Procedure 12(b)(1), because "if a [party] lacks standing to sue, the district court has no subject-matter jurisdiction" over its claims.  *ABF Freight System, Inc. v. International Broth. Of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011), citing *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002).  Thus, a claim by a party that lacks standing is properly dismissed pursuant to Fed.R.Civ.P. 12(b)(1).  *Cook v. ACS State & Local Solutions, Inc.*, 756 F.Supp.2d 1104, 1106 (W.D. Mo. 2010), *aff'd*, 663 F.3d 989 (8th Cir. 2011).  A Rule 12(b)(1) motion may challenge the complaint on its face or on the factual truthfulness of its assertions.  *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  When a party makes a facial challenge, as Evanston does in this motion, "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction."  *Id.* (citation omitted).

Under Eighth Circuit law, in a diversity case the Court may not address a party's claims unless the party establishes standing to sue under both Article III of the United States Constitution and the relevant state law.  *Wolfe v. Gilmour Mfg. Co.*, 143 F.3d 1122, 1126 (8th Cir. 1998); *see also Tockstein v. Spoeneman*, 2007 WL 3352362, at *1 (E.D. Mo. Nov. 7, 2007).  Because it is dispositive, the Court turns to an examination of Missouri law, to determine whether St. Louis Heart

has standing to pursue its Counterclaim against Evanston.[2]

The Missouri Declaratory Judgment Act provides in relevant part as follows: "Any person interested under a....written contract...., or whose rights, status or other legal relations are affected by a....contract...., may have determined any question of construction or validity arising under the....contract,....and obtain a declaration of rights, status or other legal relations thereunder." See Mo.Rev.St. § 527.020. "The Act does not enlarge the jurisdiction of the court over subject matter or parties, but merely opens the doors of the court to certain potential defendants or plaintiffs at a stage prior to that justifying an action for other traditional relief." *Farmers Ins. Co. v. Miller*, 926 S.W.2d 104, 106 (Mo. App. 1996) (citation omitted). In the context of insurance contracts, the Missouri Court of Appeals has held as follows:

> The only standing [a claimant] has to obtain a declaration of his rights, status, and legal relationship under [insurance] contracts is if he is a party to the contracts or he is a third party beneficiary to the contracts. Being neither, [claimant] has no standing to maintain a direct action for declaratory judgment against [an insurance company]. The only exception to this rule is where the liability of the insured to pay an injured party has been established by judgment or written agreement among the injured party, the insured and the insurer, in which case a declaratory judgment action in the nature of an equitable garnishment action may be maintained.

*Carden v. Missouri Intergovernmental Risk Mgt. Ass'n*, 258 S.W.3d 547, 558 (Mo. App. 2008) (internal citations omitted).

Upon consideration, the Court finds St. Louis Heart fails to establish it is either a party to or a third party beneficiary of the Policy between Evanston and Harris Medical. *See Desmond v. American Ins. Co.*, 786 S.W.2d 144, 145 (Mo. App. 1990), *citing State Farm Mut. Auto. Ins. Co. v. Allen*, 744 S.W.2d 782, 785 (Mo. banc 1988) (noting that traditionally, a tort claimant is not a third party beneficiary under a contract of liability insurance between the alleged tortfeasor and the

---

[2] Missouri law applies, as Missouri is the forum state and neither party has raised a choice-of-law claim. *Progressive Northern Ins. Co. v. McDonough*, 608 F.3d 388, 390 (8th Cir. 2010).

insurer).  Furthermore, it is undisputed that St. Louis Heart has not obtained a judgment against Harris Medical, nor does it have a written agreement with Harris Medical and Evanston establishing Harris Medical's liability.  *See Carden*, 258 S.W.3d at 558.  St. Louis Heart thus lacks standing to pursue its Counterclaim, and so Evanston's Motion to Dismiss must be granted.  *See Automotive, Petroleum and Allied Industries Employees' Welfare Fund v. Chart Automotive Group, Inc.*, 650 F.Supp. 543, 545 (E.D. Mo. 1986) (dismissing counterclaim for lack of standing).[3]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Evanston Insurance Company's Rule 12(b)(1) Motion to Dismiss Defendant St. Louis Heart Center, Inc.'s Counterclaim (ECF No. 37) is **GRANTED**, in accordance with the foregoing.

Dated this 10th day of July, 2013.

 

UNITED STATES DISTRICT JUDGE

---

[3] In its response to Evanston's motion, St. Louis Heart asserts that because its claims arise out of the same transaction or occurrence (i.e., the demand for coverage for the Underlying Action), and it seeks relief that exceeds in amount or differs in kind from the relief sought by Evanston, its Counterclaim is a compulsory one under Rule 13(a) of the Federal Rules of Civil Procedure.  The Court rejects this assertion, however, as it agrees with Evanston that in order to have a viable claim in the first instance, whether compulsory or permissive, St. Louis Heart must satisfy the standing requirements of Missouri law, an obligation it cannot fulfill here.